**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA V.,[1] | ) |
| | ) No. 23 CV 16448 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| FRANK J. BISIGNANO, | ) |
| Commissioner of Social Security, | ) |
| | ) May 14, 2026 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Maria seeks supplemental security income based on a combination of physical and mental impairments she says prevents her from working. She brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for benefits. For the following reasons, Maria's request is denied:

**Procedural History**

Maria filed her benefits application in November 2021 claiming disability onset on November 4, 2020. (Administrative Record ("A.R.") 245-58.) After her application was denied at the administrative level, (id. at 61-74, 75-90), she sought and was granted a hearing before an Administrative Law Judge ("ALJ"), where she and a vocational expert ("VE") testified, (id. at 43-60, 129-37). The ALJ concluded in June 2023 that Maria could perform her past relevant work as a hand packager and

---

[1] Pursuant to Internal Operating Procedure 22, the court uses Maria's first name and last initial in this opinion to protect her privacy to the extent possible.

therefore is not disabled. (Id. at 24-36.) After the Appeals Council denied Maria's request for review, (id. at 5-12), she sought judicial review, and the parties consented to this court's jurisdiction, 28 U.S.C. § 636(c); (R. 10).

## Analysis

Maria argues that ALJ improperly failed to: (1) credit the VE's testimony; (2) consider the opinions of non-examining, agency-reviewing doctors; and (3) properly evaluate symptom statements that she says preclude her past work. (See generally R. 14, Pl.'s Br.) When reviewing the ALJ's decision, the court asks only whether the ALJ applied the correct legal standards and the decision has the support of substantial evidence, *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citations omitted). This deferential standard precludes the court from reweighing evidence or substituting its judgment for the ALJ's, allowing reversal "only if the record compels" it. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (quotation and citation omitted). However, the ALJ's "analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations," *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021), and "provide an explanation . . . that is 'sufficient to allow [the] reviewing court[ ] to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review,'" *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024) (quoting *Moore v. Colvin*,

2

743 F.3d 1118, 1121 (7th Cir. 2014)). Viewing the record under this standard, remand is not warranted.

## A. Subjective Symptom Assessment

The court turns first to Maria's argument that the ALJ did not properly evaluate her symptom statements because that analysis informs several other aspects of the ALJ's decision, including the residual functional capacity ("RFC") assessment. (R. 14, Pl.'s Br. at 7-8.) An ALJ's symptom evaluation is entitled to great deference and may be reversed only where "patently wrong." *Murphy v. Colvin*, 759 F.3d 811, 815-16 (7th Cir. 2014). The ALJ must consider factors like medication efficacy and side effects, daily activities, treatment received, and precipitating pain factors. SSR 16-3p, No. SSA-2015-0055, 2017 WL 5180304, at *3 (Oct. 25, 2017). That said, the court will not disturb a subjective symptom evaluation that is logically based on specific findings and evidence. *See Murphy*, 759 F.3d at 815-16.

Maria argues that the ALJ failed to consider the combination of her knee osteoarthritis with her obesity and patellar tracking, respectively, and how their combined impact affects her ability to stand throughout the workday. (R. 14, Pl.'s Br. at 7-8 (citing Social Security Ruling ("SSR") 19-2p).) The court disagrees. The ALJ "must consider the limiting effects of obesity when assessing a person's RFC" but cannot "make general assumptions about the severity or functional effects of obesity combined with another impairment(s)." SSR 19-2p, No. SSA-2018-0022, 2019 WL 2374244, at *4 (May 20, 2019); *see also Stephens v. Berryhill*, 888 F.3d 323, 328 (7th Cir. 2018). The ALJ here did just that.

To be sure, the ALJ found Maria's obesity to be severe and then "considered the effects of [her] obesity on [her] musculoskeletal, respiratory, and cardiovascular systems," (A.R. 24), and "on her ability to perform physical activities on a sustained basis," (id. at 23-26). But the ALJ concluded that the record "d[id] not support a finding that [Maria's obesity] causes physical limitations equivalent in severity to any listed impairment," (Id. at 24; see also id. at 26 (citing SSR 19-2p).) The ALJ noted in support that Maria did not allege obesity as a condition that limited her ability to work. (Id. at 25 (citing id. at 275-81).) And while the ALJ acknowledged Maria's report that her conditions "affected lifting, squatting, bending, standing, walking, kneeling, sitting, climbing stairs, concentration, and completing tasks," (id. (citing id. at 292-305)), the ALJ found that report inconsistent with medical and other evidence indicating that Maria could perform her past work as a hand packager, (id. at 26-27 (citing id. at 44-46 (testimony regarding past job), 50-51 (same), 282-88 (work history report), 392-97 (showing Maria received no physical therapy, used no assistive device, and could sit and stand, walk greater than 50 feet without an assistive device, handle objects, and lift and carry), 398-417 (noting Maria had not seen a knee specialist for her osteoarthritis), 418-34 (referring to Maria's delay in seeking pain injection treatment)), in part because such work "was not arduous," (id. at 27).

Nonetheless, the ALJ incorporated several limitations into Maria's RFC to account for her obesity, including limitations on climbing, kneeling, crouching, crawling, and pushing and pulling. (Id. at 25); *see also* SSR 19-2p, 2019 WL 2374244, at *4 (explaining that obesity may limit "sitting, standing, walking, lifting, carrying,

4

pushing, and pulling"). The ALJ also assessed greater functional restrictions than those the state agency physicians assigned. (A.R. 27); *see also Mitchel A. v. Saul*, No. 19 CV 1757, 2020 WL 2324425, at *10 (N.D. Ill. May 11, 2020) (noting that the ALJ's functional restrictions exceeded those the state agency physicians assessed when affirming the ALJ's obesity combination analysis). All of this assures the court that the ALJ appropriately considered the effects of Maria's obesity. *See Shumaker*, 632 Fed. Appx. at 867 (holding that the ALJ adequately accounted for the claimant's obesity where the ALJ included it as a severe impairment and incorporated relevant limitations into the RFC, including "balancing, stooping, crouching, climbing ramps and stairs, and handling hazards"); *Ellison v. Kijakazi*, No. 22-3134, 2023 WL 8794989, at *3 (7th Cir. Dec. 20, 2023) (same); *Denise E. v. Kijakazi*, No. 21 CV 1211, 2023 WL 3792261, at *11 (N.D. Ill. June 2, 2023) (same).

Moreover, even if the ALJ's consideration of Maria's obesity was inadequate, remand is not warranted because Maria did "not identify any evidence in the record that suggests greater limitations from her obesity," or describe "how her obesity exacerbated her underlying impairments." *Shumaker*, 632 Fed. Appx. at 867-68. Maria asserts that her obesity in combination with her osteoarthritis would impact her ability to stand throughout a workday, (R. 14, Pl.'s Br. at 7-8), but does not explain how her obesity affects her current functioning, *Hernandez v. Astrue*, 277 Fed. Appx. 617, 624 (7th Cir. 2008) (finding that the claimant "did not articulate how her obesity exacerbated her underlying conditions and further limited her functioning—as it was her burden to do"). Thus, any purported error on the ALJ's part was harmless.

*See Shumaker*, 632 Fed. Appx. at 868; *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); *see also* SSR 19-2p, 2019 WL 2374244, at *4 ("[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments.").

Maria next claims that her patellar tracking "supports [her] report" that she fears losing balance and falling and, as a result, cannot stand throughout the workday. (R. 17, Pl.'s Reply at 3 (citing A.R. 295); see also R. 14, Pl.'s Br. at 7 (citing A.R. 396).) But the record does not discuss a diagnosis or symptoms of patellar tracking. Although Maria cites to Dr. Liana Palacci's x-ray examination wherein she observed that Maria's "patella has tracked laterally," (R. 14, Pl.'s Br. at 3, 7 (citing A.R. 396); R. 17, Pl.'s Reply at 2-3 (citing same)), no physician made a separate patellar tracking diagnosis. Maria also made no mention of patellar tracking at the hearing. Indeed, the record is otherwise devoid of any reference to "patella[r] tracking." As such, Maria fails to satisfy her burden to show that additional limitations are warranted because of patellar tracking. *See Deloney v. Saul*, 840 Fed. Appx. 1, 5 (7th Cir. 2020) ("[The plaintiff] had the burden of proving disability at step three. She was represented by counsel, and her attorney had the ability to clarify or develop the record further on this point with the expert.").

The record does reflect that Maria suffers from vertigo. But the ALJ adequately considered this condition in combination with Maria's other impairments. Indeed, the ALJ listed Maria's vertigo as a medically determinable impairment, (A.R. 23, 25), and considered her fear of falling in combination with her other

impairments, (id. at 24 (citing id. at 292-305)). However, Maria's statements concerning the effects of these symptoms were inconsistent with the medical and other evidence. (Id. at 26.) Accordingly, remand is not warranted on this ground.

## B.    Opinion Evidence

Maria next argues that the ALJ "erroneously relied on her own amateur, physician opinion" because she gave no "specific evidentiary weight (including controlling weight)" to the opinions of the non-examining, agency-reviewing doctors. (R. 14, Pl.'s Br. at 6-7.) But an ALJ may not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must instead assess the persuasiveness of all medical opinions by considering and explaining the most important factors— supportability and consistency. 20 C.F.R. §§ 404.1520c, 416.920c(b)(2); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022). The supportability factor requires consideration of the objective medical evidence and explanations presented and used by the medical source, 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1), while the consistency factor directs the ALJ to assess how the opinion is consistent with all other medical and nonmedical sources, 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ may also, but is not required to, explain how she considered the medical source's specializations and relationship with the claimant and any other factors that

tend to support or contradict the source's opinion. 20 C.F.R. §§ 404.1520c, 416.920c(b)(2).

The ALJ adequately assessed the persuasiveness of the medical opinions based on the relevant factors and accorded appropriate weight to the record evidence. The ALJ found the state agency physicians' opinions "partially persuasive" but held that the hearing evidence "supported greater postural limitations." (A.R. 27.) In so finding, the ALJ considered the objective medical evidence and explanations from Maria's examinations in April 2020, April 2022, September 2022, and October 2022. (Id. at 26.) The ALJ summarized this evidence and noted that the physicians found Maria capable of sitting, standing, lifting, carrying, handling objects, and walking greater than 50 feet without an assistive device. (Id.) They also observed that Maria exhibited a "normal range of motion and strength" despite her "moderate osteoarthritis in both knees" and obesity and did not see a specialist for her impairments. (Id.)

The state agency physicians opined in April 2022 and October 2022 that Maria could perform "light exertional work" with no climbing ladders, ropes, or scaffolds and frequent kneeling, crouching, and crawling. (Id. at 27 (citing id. at 57-67, 71-84).) But the ALJ adopted an RFC with greater postural limitations "consistent with" the medical opinions and the entire record, finding Maria capable of light work with: "(i) no climbing ladders, ropes, or scaffolds; (ii) occasional climbing ramps and stairs; (iii) occasional kneeling, crouching, crawling; and (iv) occasional pushing/pulling with

8

bilateral lower extremities." (Id. at 26 (emphasizing that the evidence presented at the hearing supported these enhanced limitations).)

Contrary to Maria's claim that the ALJ "did not rely" on these medical opinions, (R. 14, Pl.'s Br. at 6-7), the record reflects that the ALJ considered the very same medical opinions Maria identifies in her submission, (compare A.R. 26-27 with R. 14, Pl.'s Br. at 3-4). The ALJ assessed the persuasiveness of the medical opinions for supportability and consistency, *Albert*, 34 F.4th at 614, and fashioned Maria's RFC based on "the weight of the evidence as a whole," (A.R. 27). *See Laurence P. v. Saul*, No. 18 CV 4763, 2019 WL 3554451, at *4 (N.D. Ill. Aug. 5, 2019) ("Here the ALJ appropriately considered the evidence including the consultative doctor's evaluation, state agency doctors' assessments, treatment notes, and other medical records, to determine the RFC."). This court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation and quotation omitted). As such, remand is not warranted on this ground either.

## C.     VE Testimony

Maria claims that the VE's hearing testimony establishes that her symptoms preclude her from performing her past work and require a disability finding. (R. 14, Pl.'s Br. at 6, 8; R. 17, Pl.'s Reply at 1-2.) She says she is limited to sedentary work because she can stand no more than five to seven minutes, (A.R. 25), and the VE testified that having to sit for five minutes per hour would eliminate her past work, (R. 14, Pl.'s Br. at 6 (citing A.R. 54); R. 17, Pl.'s Reply at 2). Under the Commissioner's

Medical-Vocational Guidelines (the "Grids"), Maria asserts that a disability finding is mandated because she is limited to sedentary work and: (1) is over the age of 55, (A.R. 25); (2) has limited education or less, (id.); and (3) has previous unskilled work experience, (id. at 27). (See R. 14, Pl.'s Br. at 6 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule201.01); R. 17, Pl.'s Reply at 2.) But this argument presumes limitations the ALJ did not accept.

An ALJ's hypothetical questions to the VE ordinarily "must include all limitations supported by medical evidence in the record." *Simila v. Astrue*, 573 F.3d 503, 520 (7th Cir. 2009) (internal quotation and citation omitted). However, "the ALJ is required only to incorporate into [her] hypotheticals those impairments and limitations that [she] accepts as credible." *See id.* at 521 (internal quotation and citation omitted). The ALJ here asked the VE three increasingly restrictive hypotheticals regarding the type of work an individual could perform depending on her various exertional movement capabilities such as kneeling, crouching, crawling, pushing and pulling with bilateral lower extremities. (A.R. 53-54.) The VE responded that an individual with the same age, education, and work experience as Maria could perform her past work as a hand packager at the light exertional level. (Id.) The ALJ found the VE's testimony "consistent with the evidence as a whole" and held that Maria had the RFC to perform light work consistent with her past vocational profile. (Id. at 27.)

While the VE stated in response to a hypothetical Maria's attorney posed at the hearing that sitting at-will would eliminate her past work, (id. at 54), the ALJ did

10

not find Maria limited to sedentary work because the ALJ "did not find [Maria]'s symptoms to be as acute as [she] testified." *Simila*, 573 F.3d at 521; (see also A.R. 27 (concluding that Maria's statements concerning the effect of her symptoms were "not fully consistent with the medical evidence and other evidence of record").) As such, remand is not appropriate because the ALJ based her determination on the limitations that she deemed credible. *See Simila*, 573 F.3d at 521; *Thompson v. Colvin*, 575 Fed. Appx. 668, 677 (7th Cir. 2014) (affirming ALJ's decision not to include a sit/stand option in the RFC because this limitation was "based entirely on [the plaintiff]'s subjective statements, rather than medical evidence").

## Conclusion

For the foregoing reasons, Maria's remand request is denied, and the Commissioner's decision is affirmed.

ENTER:

_____
**Young B. Kim**
**United States Magistrate Judge**

11